IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**

05/18/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

JOHN RICHARD JAIMES QUINTERO,       )
                                    )
                    Petitioner,     )
                                    )
        v.                          )     Case No. 26-3120-JWL
                                    )
TODD BLANCHE, Acting Attorney General; and   )
MISTY MACKEY, Warden,               )
        Midwest Regional Reception Center,   )
TODD M. LYONS, Acting Director, ICE;   )
SAMUEL OLSON, ICE Field Office Director; and   )
MARKWAYNE MULLIN, DHS Secretary,   )
                                    )
                    Respondents.    )
                                    )
_____)

## **MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. By Order of May 11, 2026, the Court imposed an expedited briefing schedule, ordering respondents to file an answer by June 1, 2026, and petitioner to file any traverse by June 15, 2026. Petitioner has now filed a motion (Doc. # 3) requesting the Court (1) to expedite proceedings even further by shortening the briefing deadlines and (2) to grant a temporary restraining order enjoining petitioner's transfer outside this district during the pendency of the case. The Court in its discretion **denies** the motion.

In the petition, petitioner alleges that after entering the United States without authorization and being detained in 2022, he was granted interim parole and released; that

he is not presently subject to a final order of removal; and that he was re-detained on February 16, 2026.  Petitioner asserts claims in three counts:  first, he claims that his re-detention without notice, a hearing, or other process violated his constitutional right to due process; second, he claims that his prior Notice to Appear under one provision of 8 U.S.C. 1182 is inconsistent with his parole under another provision of that statute; and third, he claims that the revocation or termination of his release and parole without a hearing or custody determination violated due process.[1]

In his present motion, petitioner states that he is presently challenging his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and is claiming that he should only be deemed detained pursuant to 8 U.S.C. § 1226(a), which allows for individual custody determinations.  As noted above, however, petitioner has not in fact asserted such a claim in his petition.[2]  Moreover, in arguing for emergency relief, petitioner states that his "Individual Hearing" is scheduled for June 1, 2026, but he has not explained the nature of hearing or explained why that hearing is likely to impair this Court's ability to consider the petition under the present briefing schedule.  Finally, petitioner argues that he may be transferred outside this judicial district, but he has not shown that any such transfer is likely, nor has he addressed the fact that any such transfer would not alter the jurisdiction of this Court to consider the petition.  *See Lowmaster v. Director, Bur. of Prisons*, 2024 WL

---

[1]  The petition alleges that petitioner is presently detained in Missouri, outside this judicial district, but the petition also names as a respondent the warden of a Kansas detention facility.

[2]  If petitioner in fact intends to assert a claim as described in the motion, he should amend his petition accordingly.

5135970, at *1 (D. Kan. Dec. 17, 2024) (Lungstrum, J.) (court does not lose jurisdiction over habeas petition in the event of transfer outside the district) (citing *Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)); *see also Abedi v. Carter*, 2025 WL 3209015, *1 (D. Kan. Aug. 5, 2025) (Lungstrum, J.) (denying request for an order enjoining transfer outside this judicial district), *appeal filed* (10th Cir. Oct. 6, 2025). For these reasons,[3] the Court in its discretion declines to grant the emergency and injunctive relief sought in the motion, which the Court hereby denies.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion for emergency relief and a temporary restraining order (Doc. # 3) is hereby **denied**.

IT IS SO ORDERED.

Dated this 18th day of May, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[3] The Court also notes that although petitioner argues that he is likely to succeed on the merits of a claim regarding the application of Sections 1225 and 1226, he has not shown that he is likely to succeed on the claims actually asserted in the petition, which have not been supported by citation to applicable authority.

3